UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

PETROJEBLA, SA de C.V.,

        Plaintiff,

v                                                Case No. 19-11439
                                                Honorable Thomas L. Ludington

BETRON ENTERPRISES, INC.,
BETRON LP GAS, INC.,
RICHARD E. BETRON, JR.,

        Defendants.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR RECONSIDERATION**

Plaintiff PetroJebla, SA de C.V. ("PetroJebla") is a Mexican corporation with its principal place of business in Mexico City, Mexico.[1] ECF No. 1. at PageID.2. On May 16, 2019, PetroJebla filed a complaint against three defendants: Betron Enterprises, Inc. ("BEI"), Betron LP Gas, Inc. ("BLPG"), and Richard E. Betron ("Mr. Betron").

According to PetroJebla's complaint, BEI and BLPG are Michigan corporations with their principal places of business in Twining, Michigan. *Id.* at PageID.3. PetroJebla's complaint does not furnish any other information regarding the corporations besides the fact that PetroJebla entered into a contract with BEI in which BEI agreed to sell PetroJebla specific quantities of liquid propane gas. The Complaint also alleges that Defendant Richard E. Betron is the "sole principal" of BEI and BLPG and that he resides in Twining, Michigan. *Id.*

---

[1] PetroJebla has not furnished any information regarding the goods or services that PetroJebla provides as a corporation.

Summons were issued for BEI, BLPG, and Mr. Betron. ECF Nos. 2, 3, 4. A week later, three separate certificates of service were returned executed respectively for BEI, BLPG, and Mr. Betron. ECF Nos. 7, 8, 9.

# I.

## A.

PetroJebla alleges that it "entered into a contract for the purchase of liquid propane gas, purportedly from 'BETRON ENTERPRISE.'" ECF No. 1 at PageID.3. The contract provides in its entirety:

> TO:        GRUPO JEBLA, SA de CV.        June 28, 2017
>                 Eduardo Cardenas
>
> FROM:     BETRON ENTERPRISE
>                Richard E. Betron President
>                3303 West River Road
>                Sanford Michigan 48657 USA
>
> Full corporate offer to sell/purchase HD propane distillate for 9 months, July 2017 through April 2018 with rolls and extensions
>
> Origin: Houston, 50 rail car loads 30,500 gallons each
>
> Our refinery is offering the following:
> - Product:            HD-5 Propane
> - Quantity:          50 tank cars per month
> - Volume:            1,525,000 gallons per month total
> - Delivery period:    Monthly quantity basis, weekly delivery
> - Price:               Mont Belvieu non tet + $.09 cents. This Price includes the railroad Freight price up to Estation Ramirez, Matamoros, Mexico
> - Pricing period:     July 2017 through 2018
> - Vessel acceptance:   Vessel to be first class bulk rail cars
>   - A. Rail cars delivery to Matamoros, Mexico
>   - B. Rail cars proceed-customs & delivery to certified terminal (storage) facility in Matamoros, Mexico
>   - C. PetroJebla will only pay for the fee for the Texas forwarding agency, the Mexican Customs broker and all corresponding Mexican customs duties.

- D. PETROJEBLA SA DE CV has 7 days to unload each railcar once places it at the Matamoros facilities. After that, the demurrage charge per day is $75 dlls
- Unloading rate: Based on 15 rail cars per week
- Quality: According to the attached specifications
- Law: American Law
- Settlement: American Courts
- Payment terms: Wire transfer amount weekly in advance
- Delivery Date: Pending schedule from Betron
- Bank wiring instructions:
  Betron LP Gas Chemical Bank
  Midlan [sic], Ml 48640
  ABA: 0724100143
  Account Number: 1208206376

Seller: Richard E. Betron Jr.
3303 West Rd.
Sanford, MI 48657

ECF No. 1-2 at PageID.16-17. The contract is signed by "Richard Betron, President, BETRON ENTERPRISE" and "Eduardo Cardenas, GRUPO JEBLA."

In July 2017, PetroJebla made a payment to the "Betron LP Gas Chemical Bank" account identified in the contract.[2] *Id.* According to the complaint, "Defendants shipped propane gas to PetroJebla beginning on or about July 17, 2017." *Id.* On October 17 and 18 of 2017, PetroJebla wired $624,000.00 to the bank account identified in the contract. ECF Nos. 1-3, 1-4. The complaint provides that "Defendants continued shipping propane gas to PetroJebla until early November 2017, at which point all shipments ceased. At that time, Defendants held $209,460 in prepayments for propane gas that had not been shipped."[3] *Id.*

**B.**

A year later, on November 8, 2018, PetroJebla's counsel sent Defendants a letter providing that "[y]ou are currently wrongfully holding Grupo Jebla funds in the amount of $209,000, which

---

[2] PetroJebla's complaint does not provide the amount of this first payment.
[3] PetroJebla's complaint does not provide the exact date of Defendants' final shipment.

places you in clear breach of the contract." ECF No. 1-6. PetroJebla demanded that Defendant "immediately reimburse the full sum of $209,000" or risk the initiation of legal action. Mr. Betron told PetroJebla that he was willing to deliver the propane gas that PetroJebla had paid for. ECF No. 1 at PageID.5. However, according to PetroJebla, it never received the propane gas or the funds. On May 16, 2019, it filed its complaint against Defendants alleging breach of contract.

On June 5, 2019, Mr. Betron filed an answer to the complaint pro se. ECF No. 11. The next week, the Court issued an order directing BEI and BLPG to obtain counsel. ECF No. 12. The Court explained that Mr. Betron could not represent BEI and BLPG because incorporated entities may not proceed without legal counsel. *Id.* On June 28, 2019, David L. Powers filed an appearance on behalf of Mr. Betron, BEI, and BLPG. ECF No. 13.

On July 3, 2019, PetroJebla filed a motion for judgment on the pleadings, contending that the corporate veils of BEI and BLPG should be pierced to find Mr. Betron personally liable for the alleged breach of contract. ECF No. 14. On July 19, 2019, Defendants filed a motion to amend their answer, contending that

> Richard Betron is not an attorney and is not informed regarding the rules of practice of this Court. As a result, the answer is incomplete, and failed to respond to the allegations of paragraphs 24-56 of Plaintiff's complaint, including Plaintiff's conclusory allegations aimed at piercing the corporate veil of the Defendant corporations.

ECF No. 17 at PageID.100-101.[4] Defendants attached a proposed amended answer to their motion.

On December 3, 2019, the Court granted Defendants' motion to amend their answer. ECF No. 23. It directed Defendants to revise their amended answer to ensure that it complied with the Federal Rules of Civil Procedure and to file their amended answer by December 9, 2019. The

---

[4] Defendants had filed a previous motion to amend their answer, but did not attach a copy of their proposed amended answer. ECF No. 16. In their latest motion to amend their answer, Defendants included a copy of their proposed amended answer. ECF No. 17.

Court also granted in part Petrojebla's motion for a judgment on the pleadings, finding that Mr. Betron was personally liable for the actions of BLPG.

On December 17, 2019, Defendants filed a motion for reconsideration. ECF No. 27. For the following reasons, Defendants' motion for reconsideration will be granted in part and denied in part.

**II.**

Pursuant to Eastern District of Michigan Local Rule 7.1(h), a party may file a motion for reconsideration of a previous order, but must do so within fourteen days of the order's entry. A motion for reconsideration will be granted if the moving party shows: "(1) a palpable defect, (2) the defect misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case." *Michigan Dept. of Treasury v. Michalec*, 181 F. Supp. 2d 731, 733-34 (E.D. Mich. 2002) (quoting E.D. Mich. LR 7.1(g)(3)). A "palpable defect" is "obvious, clear, unmistakable, manifest, or plain." *Id.* at 734 (citing *Marketing Displays, Inc. v. Traffix Devices, Inc.*, 971 F. Supp. 2d 262, 278 (E.D. Mich. 1997)). "[T]he Court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication." E.D. Mich. L.R. 7.1(h)(3). *See also Bowens v. Terris*, No. 2:15-CV-10203, 2015 WL 3441531, at *1 (E.D. Mich. May 28, 2015).

**III.**

Defendants request that they be permitted to file a further amended answer (a Second Amended Answer) due to errors in their most recently submitted amended answer. They also request reconsideration of the decision finding that Mr. Betron is personally liable for the actions of BLPG. Each argument will be addressed in turn.

**A.**

As explained above, the Court entered its order on December 3, 2019, directing Defendants to file their amended answer by December 9, 2019. Defendants respond that their attorney "was on a working vacation out of state from Friday, November 22, 2019 through Monday, December 2, 2019. As is typical in the private practice of law, the…attorney returned from his vacation with a full detail of work awaiting him, and clients pressing for their projects to be completed." *Id.* at PageID.195.

Defendants contend that "the period of four days to file the revised answer and affirmative defenses was unreasonable under the circumstances." *Id.* at PageID.196.[5] However, rather than filing a motion for an extension or a motion for reconsideration, "Defendants filed an Amended Answer and Affirmative Defenses within the deadline set by the Court." *Id.* Defendants now contend that the "filing includes errors" because "the Court provided counsel for Defendants with inadequate time to prepare and file the revised answer and affirmative defenses." *Id.*

In their motion, Defendants note that the Court's order was entered "exactly five months after [the] filing of [Plaintiff's] Motion." ECF No. 27. Defendants do not explain why they did not use these five months to consider the sound arguments presented in Plaintiff's motion and perhaps revise their answer accordingly.

The revisions directed by the Court were not onerous nor technical. Multiple paragraphs of Defendants' amended answer provided "neither admit nor deny" or "[n]o response required." The Court reminded Defendants that such statements do not comply with Rule 8, which "permits only three possible ways a party may respond to an allegation: (1) admit it; (2) deny it; or (3) state that the party lacks knowledge or information sufficient to form a belief about the truth of the allegation." ECF No. 23 at PageID.157. The Court also directed Defendants to revise their

---

[5] It should be noted that December 3 to December 9 consists of seven days, not four.

affirmative defense to include additional factual information beyond Defendants' passing reference to a "true agreement." *Id.* at PageID.161. It was not anticipated that these directions would be taxing.

Regardless, Defendants' motion for reconsideration will be granted in part. Defendants ask the Court to "provide Defendants with a reasonable opportunity…to file a more correct Answer and Affirmative Defenses." ECF No. 27 at PageID.196. Defendants will be granted leave to file a Second Amended Answer by January 21, 2020.

**B.**

In their motion for reconsideration, Defendants also take issue with the Court's determination that Richard Betron is personally liable for the actions of BLPG. *Id.* at PageID.197. The Court concluded that:

> Mr. Betron will be held personally liable for the actions of BLPG. Paragraph 7 of PetroJebla's complaint provides:
>
>> Defendant Betron LP Gas, Inc. ("BLPG," and together with BEI, the "Betron Entities") is, upon information and belief, a Michigan corporation, having its principal place of business located within this District at 115 State Street, Twining, Michigan.
>
> ECF No. 1 at PageID.2-3. Paragraph 7 of Mr. Betron's original answer filed pro se provides that "Betron L.P. Gas Inc. does not exist." ECF No. 11 at PageID.56.
>
> PetroJebla has furnished a report from the Michigan Department of Licensing and Regulatory Affairs which provides that "Betron L.P. Gas, Inc." was dissolved in 2002. ECF No. 1-7. The dissolution predates the creation of the contract by 15 years. It is therefore unclear why the contract between Mr. Betron/BEI and PetroJebla directed PetroJebla to make payments to a bank account titled "Betron LP Gas Chemical Bank."
>
> As explained above, Defendants will be granted leave to amend their answer. However, the Sixth Circuit has held that "pleadings withdrawn or superseded by amended pleadings are admissions against the pleader in the action in which they were filed." *Pennsylvania Railroad Company v. City of Girard*, 210 F.2d 437, 440 (6th Cir. 1954). Mr. Betron's statement in his original answer, "Betron L.P. Gas Inc. does not exist" will therefore be considered an admission. His statement is

> corroborated by the report from the Michigan Department of Licensing and Regulatory Affairs.
>
> In their response to PetroJebla's motion, Defendants do not address Mr. Betron's admission that BLPG does not exist nor do they address the report from the Michigan Department of Licensing and Regulatory Affairs. Accordingly, PetroJebla's argument is uncontested and Mr. Betron will be held personally liable for BLPG's conduct.

ECF No. 23 at PageID.167.

In their motion for reconsideration, Defendants contend that "the dissolution of a corporation does not necessarily end its corporate existence. Rather, under Michigan law, a dissolved corporation's existence continues while it winds up its affairs." ECF No. 27 at PageID.197. While that may be true, it is noteworthy that Defendants do not present any legal authority supporting the assertion. Furthermore, it unclear how this argument is relevant to the situation unless Defendants are claiming that BLPG was winding up its affairs for more than 15 years, beginning at the time of its dissolution in 2002 and lasting until at least 2017 when apparently Mr. Betron included the entity in the contract in question.

Defendants also contend that Betron's admission is not conclusive because Defendants are "free to introduce evidence to the contrary at trial." *Id.* at PageID.197. Again, Defendants do not provide any legal authority to support this proposition nor do they engage with the legal authority cited in the Court's order, namely *Pennsylvania Railroad Company v. City of Gerard*.

As already explained in the previous order, Defendants did not "address Mr. Betron's admission that BLPG does not exist nor [did] they address the report from the Michigan Department of Licensing and Regulatory Affairs." ECF No. 23 at PageID.167. A party may not succeed on a motion for reconsideration in which they present new arguments not previously presented to the court. In both Defendants' response to Plaintiff's motion and in Defendants' motion for reconsideration, there is a dearth of legal authority and analysis supporting Defendants'

contention that Mr. Betron should not be held personally liable for BLPG's obligations. Accordingly, Defendants' request will be denied.

**IV.**

Accordingly, it is **ORDERED** that Defendants' motion for reconsideration, ECF No. 27, is **GRANTED IN PART** and **DENIED IN PART**.

It is further **ORDERED** that Defendants are granted leave to file a Second Amended Answer by **January 21, 2020**.

Dated: January 8, 2020             s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge