UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

PETROJEBLA, SA de C.V.,

    Plaintiff,

Case No. 19-CV-11439
Honorable Thomas L. Ludington

v.

BETRON ENTERPRISES, INC.,
BETRON LP GAS, INC.,
RICHARD E. BETRON, JR.,

    Defendants.
_____/

**ORDER GRANTING PLAINTIFF'S COUNSEL'S MOTION TO WITHDRAW AND
DIRECTING PLAINTIFF TO SECURE NEW COUNSEL**

Plaintiff PetroJebla, SA de C.V., is a Mexican corporation with its principal place of business in Mexico City, Mexico. ECF No. 1. On May 16, 2019, Plaintiff filed a complaint against three defendants: Betron Enterprises, Inc., Betron LP Gas, Inc., and Richard E. Betron, Jr. Plaintiff seeks damages from Defendants under theories of breach of contract and unjust enrichment after Defendants allegedly failed to deliver liquid propane gas as required by a contract between the parties. ECF No. 1. Since the filing of the complaint, Plaintiff has been represented by Jaffe, Raitt, Heuer & Weiss, P.C. (the "Jaffe Firm"). ECF No. 1 at PageID.13.

On July 7, 2020, the Jaffe Firmed moved to withdraw as Plaintiff's counsel, stating that, as a result of Plaintiff's failure to satisfy its financial obligations to the Jaffe Firm, there had been a breakdown of the attorney-client relationship. ECF No. 34 at PageID.241. On August 13, 2020, counsel for the parties appeared by video in a Zoom meeting status conference with the Court. ECF No. 35. The Court asked the Jaffe Firm to submit supplemental briefing that identified the

Jaffe Firm's attempts to communicate with Plaintiff regarding its financial obligations. On August 14, the Jaffee Firm submitted supplemental briefing pursuant to the Court's request. ECF No. 36.

According to the supplemental briefing, the Jaffe Firm discussed Plaintiff's financial obligations to the Jaffe Firm on May 14 by phone, July 1 by email, and July 7 by phone. ECF No. 36 at PageID.250. After a conference call with representatives of Plaintiff on July 7, 2020, the Jaffe Firm concluded that payment of the sum due to the Jaffe Firm would not be forthcoming. ECF No. 36 at PageID.250. The Court finds that Plaintiff has substantially failed to fulfill its financial obligations to the Jaffe Firm and that Plaintiff has been given reasonable warning of withdrawal. Accordingly, the Jaffe Firm's motion to withdraw is proper under MRCP 1.16(b)(4). Per the Jaffe Firm's suggestion, Plaintiff will be granted 30 days to secure new counsel, after which the complaint will be subject to dismissal for failure to prosecute under Federal Rule of Civil Procedure 41(b). *See Rowland v. California Men's Colony*, 506 U.S. 194, 202, (1993) (noting that a corporate entity cannot appear in federal court without licensed counsel).

Accordingly, it is **ORDERED** that the Jaffe Firm's Motion to Withdraw as Counsel, ECF No. 34, is **GRANTED**.

It is further **ORDERED** that the Jaffe Firm is **DIRECTED** to serve a copy of this order as well as the Jaffe Firm's Motion to Withdraw as Counsel and supplemental briefing, ECF Nos. 34 and 36, upon Plaintiff PetroJebla, SA de C.V.

It is further **ORDERED** that David S. McDaniel and Peter M. Falkenstein of Jaffe Raitt Heuer & Weiss, P.C., are **TERMINATED** as counsel of record.

It is further **ORDERED** that Plaintiff PetroJebla, SA de C.V., is **DIRECTED** to secure new counsel **by September 28, 2020** or face dismissal.

        s/Thomas L. Ludington
        THOMAS L. LUDINGTON
        United States District Judge

Dated: August 27, 2020